UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL D. HUGHES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 3:05-0120 |
| ) | JUDGE ECHOLS |
| HOWARD CARLTON, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Pending before the Court are the Magistrate Judge's Report and Recommendation ("R & R")(Docket Entry No. 19) and Petitioner's Objections thereto (Docket Entry No. 20). The Magistrate Judge recommends that this Court grant Respondent's Motion for Summary Judgment (Docket Entry No. 7) and dismiss this habeas action brought by Petitioner pursuant to 28 U.S.C. § 2254.

### I. STANDARD OF REVIEW

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). See Fed. R. Civ. P. 72(b).

1

## II. ANALYSIS

The Magistrate Judge has adequately set forth the relevant facts and procedural posture of this case at pages 1-3 of the R & R. Those facts will be expanded upon where necessary to address the objections raised by the Petitioner.

The petition sets forth six claims for relief (Docket Entry No. 1 at 4-6), each of which was addressed in the R & R.[1] Petitioner's objections are grouped into four categories. He objects to the Magistrate Judge's conclusion with respect to sentencing issues, the alleged insufficiency of the indictment, the alleged ineffective assistance of counsel, and the validity of his guilty plea.

### A. Sentencing Issues

Petitioner first objects claiming "[t]he Magistrate Judge found Petitioner's sentencing issues to be state law claims and '[s]uch claims are not cognizable in a petition for habeas corpus relief.'" (Docket Entry No. 20 at 1 quoting R & R at 5). This is a mischaracterization of the R & R. What the Magistrate Judge indicated was that because Petitioner had presented his sentencing claims to the state courts as errors of state, rather than federal law, they were not cognizable in a federal habeas petition. (Docket Entry No. 19 at 5). This is a correct statement of the

---

[1] The R & R listed five claims for relief, including two claims relating to sentencing issues. (Docket Entry No. 19 at 1). The actual petition listed three claims regarding sentencing. This discrepancy, however, is of no concern because, as Petitioner admits (Docket Entry No. 20 at fn. 1), the Magistrate Judge addressed all three sentencing claims in the R & R.

2

law.  "Because state courts, like federal courts, are required to enforce federal law, including rights asserted under the Constitution, comity requires that the state courts should have the first opportunity to review the prisoner's federal claim and provide any necessary relief."  Whiting v. Burt, 395 F.3d 602, 612 (6th Cir. 2005).

The Petitioner next objects to the Magistrate Judge's statement that "[t]he finding of the state courts with respect to the petitioner's sentencing are fully supported by the record." (Docket Entry No. 19 at 5).  Petitioner contends "[t]he only factor specified in support of Petitioner's sentence was that 'the victim was particularly vulnerable because of her extremely young age of four (4) years and her vulnerability due to her relationship with her stepfather."  This is incorrect.

Upon de novo review,[2] the Tennessee Court of Criminal Appeals found that "the sentence of twenty (20) years is appropriate given the application of three (3) enhancement factors."  State v. Hughes, 1998 WL 301730 *6 (Tenn. Crim. App. 1998).  The enhancement factors were that (1) the "victim of the offenses was particularly vulnerable because of age"[3]; (2) the offenses "were committed to

---

[2] Review of the sentence was de novo because, contrary to T.C.A. 40-35-210(f), the trial judge did not place her findings as to enhancing or mitigating factors on the record.

[3] The court went on to note that "the victim was particularly vulnerable because of her extremely young age of four (4) years[.]" Id.  Petitioner asserts this was improper because the offenses to which he pled guilty related to a period when the child was nine years old.  The Court of Criminal Appeals recognized that the offenses began when the child was four and living in North

3

gratify the Defendant's desire for pleasure or excitement"; and (3) "the Defendant abused a position of trust," inasmuch as he was the victim's stepfather. Id. at 5. The court then went on to state "[t]he evidence of Defendant's repeated course of sexual abuse of the victim over a five (5) year period and the resulting emotional injuries fully support his sentence." Id. at 6. Thus, there was more than one factor supporting the enhancement of the sentence and the Magistrate Judge's finding that the sentence was supported by the record was not in error. This objection is overruled.

Finally with regard to the sentencing issues, Petitioner objects to the Magistrate Judge's conclusion that the sentencing claims were presented to the state court as state rather than federal claims and thus barred federal review. Petitioner contends that because the trial judge did not place on the record the aggravating or mitigating factors, Petitioner could not know which enhancing factors were applicable and thus could not raise the issue until after the appeals court made its de novo findings. This contention is belied by the record.

In his appeal as of right, Petitioner raised the following sentencing issues:

> (1) Whether the trial court erred in sentencing him to twenty (20) year sentences for each count when the minimum sentence for each count is fifteen (15) years;

---

Carolina. It did not state that Petitioner was charged with raping a four year old. Section 40-35-114(5) is "generally . . . reserved for cases involving ongoing sexual abuse," State v. Ware, 1999 WL 233592 * 20 (Tenn.Crim.App. 1999), and thus a court may consider "the time span of the defendant's undetected sexual activity." State v. Combs, 2002 WL 31118392 *76 (Tenn. Crim. App. 2002).

4

>    (2) Whether the trial court erred in imposing consecutive sentences;
>    (3) Whether the trial court erred in considering uncharged sexual acts; and
>    (4) Whether the trial court erred in properly explaining the use of enhancement and mitigating factors.

Hughes, 1998 WL 301730 at 1. The first three issues are precisely the three sentencing issues set forth in petitioner's habeas petition. (Docket Entry No. 1 at 4-5). There is simply no explanation as to why, when those issues were first presented to the Tennessee Court of Criminal Appeals by way of the delayed direct appeal,[4] they could not have been presented as federal claims as well. This objection is overruled.

## B. **Defective Indictment (Claim 4)**

Petitioner objects to the Magistrate Judge's conclusion that the sufficiency of an indictment is generally a question of state law and that the indictment fully informed the Petitioner of the charges against him. Petitioner claims that because the indictment failed to include the required mental state of "intentional, knowing or reckless," the "question before the Court is, as a matter of federal constitutional law, does Petitioner's indictment satisfy the Russell criteria if he was required to infer *mens rea* elements of intentional, knowing, or reckless?" (Docket Entry No. 20 at 5).

---

[4]Because Petitioner's trial counsel failed to perfect a timely appeal, Petitioner filed a petition for post-conviction relief in which he sought a delayed appeal. That request was granted and the Tennessee Court of Criminal Appeals considered Petitioner's direct appeal of his conviction. See Hughes v. State, 2004 WL 1056389 at 1 (Tenn. Crim. App. 2004).

5

In <u>Russell v. United States</u>, 369 U.S. 749 (1962), the Supreme Court considered the sufficiency of an indictment of a defendant charged with refusing to answer a question in testifying before a congressional committee. The Supreme Court referred to a two-part test established in prior cases for measuring the sufficiency of an indictment: (1) whether the indictment "contains the elements of the offense intended to be charged and sufficiently apprizes the defendant of what he must be prepared to meet"; and (2) whether the indictment enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." <u>Id</u>. at 1046-47 (citations omitted). Recently, in <u>Valentine v. Konteh</u>, 395 F.3d 626, 631 (6th Cir. 2005), the Sixth circuit noted that "courts have found that the due process rights enunciated in <u>Russell</u> are required not only in federal indictments, but also in state criminal charges."

The indictment against the Petitioner in this case was not constitutionally defective. The substance of each count charging aggravated rape is as follows:

> That Michael Douglas Hughes on a day in 1990 or 1991, in Davidson County, Tennessee and before the finding of this indictment did engage in unlawful sexual penetration of [S.H.], a child less than thirteen (13) years of age in violation of Tennessee Code Annotated § 39-13-502, and against the peace and dignity of the state of Tennessee.

<u>Hughes</u>, 1998 WL 301730 at 7. As Petitioner points out, the charging language does not include a charge that Petitioner acted intentionally, knowingly or recklessly.

The state court's determination that failure to include the requisite state of mind in the indictment did not violate

6

Petitioner's right to due process is not an unreasonable application of federal law.  Since <u>Russell</u>, various federal courts have found indictments sufficient even where they do not allege the applicable <u>mens</u> <u>rea</u>.  See, <u>United States v. Gray</u>, 260 F.3d 1267, 1283 (11th Cir. 2001)("an indictment is not defective simply because it fails to allege *mens rea* so long as the allegation that the crime was committed with the requisite state of mind may be inferred from other allegations in the indictment); <u>United States v. Blackburn</u>, 9 F.3d 353 (5th Cir. 1993) (finding indictment for bank fraud sufficient, notwithstanding defendant's contention that it was fatally defective for failure to allege elements "knowingly" and "executes or attempts to execute," because indictment fairly imported all elements and included statutory section number); <u>United States v. Martinez</u>, 981 F.2d 867 (6th Cir. 1992)(indictment that omitted "knowingly or intentionally" element was nonetheless sufficient because it referenced the relevant section of the United States Code).

Moreover, due process only requires an indictment provide sufficient notice to allow the defendant to prepare an adequate defense.  <u>United States v. Odom</u>, 252 F.3d 1289, 1298 (11th Cir. 2001).  An indictment which alleges "unlawful sexual penetration" of "a child less than thirteen (13) years of age" necessarily imparts the allegation that the defendant acted intentionally, knowingly, or recklessly.  See <u>United States v. Woodruff</u>, 296 F.3d 1041, 1047 (11th Cir. 2002)(Hobbs Act indictment sufficient even though it did not allege "knowingly" since "it is difficult to imagine how a person could 'unlawfully take and obtain personal

7

property . . . by means of actual and threatened force, violence, and fear of immediate injury by mistake or accident").

Further, due process may be satisfied if the defendant receives actual notice of the charges against him, even if the indictment is insufficient. Odom, 252 F.3d at 1298; Hustline v. Morris, 819 F.2d 861, 864 (8th Cir. 1987). In this case, Petitioner was informed sufficiently of the charges against him so as to be able to defend against the charges and utilize his plea as a bar to any subsequent prosecution.

Prior to his plea hearing, Petitioner signed a "Petition to Enter Plea of Guilty" in which he admitted he had read the indictment and discussed it with his attorney; his lawyer had told him and he understood the "definitional elements of the crimes" with which he was charged and what the state had to prove in order to convict him of the charges; his lawyer explained the details of the state's evidence against him; and he understood every charge against him. (Docket Entry 22 at 1). During the plea colloquy, Petitioner stated under oath that he had reviewed the charges with his lawyer and acknowledged that he thoroughly understood the charges against him. (Docket Entry No. 22 at 6). Additionally, the prosecutor went over each of the charges, describing where the offenses occurred and the details of the manner of sexual penetration. (Docket Entry No. 22 at 16-18).

Given the record, Petitioner's claim that the Indictment was defective and violated his right to due process is without merit. His objections on this issue will be overruled.

8

## C. Ineffective Assistance of Counsel (Claim 6)

In the R & R, the Magistrate Judge concluded that in light of the state court's decision to credit counsel's testimony, counsel was not ineffective and that, in any event, Petitioner did not show prejudice arising from counsel's representation. Petitioner objects because the disposition by the state court of his ineffective assistance claim was based upon a "clear and convincing standard" which is contrary to the federal standard of "reasonable probability" for claims of ineffective assistance of counsel. (Docket Entry No. 20 at 7).

It is true, as Petitioner argues, that the Tennessee Court of Criminal Appeals in its affirmance of the denial of his post-conviction petition stated that to prevail on his ineffective assistance claim, petitioner "must show, by clear and convincing evidence, that his attorney failed to properly advise him of the possible consequences of his plea and that trial counsel's failure to do so resulted in prejudice." Hughes, 2004 WL 1056389 at *7. However, because it is clear the state court utilized the correct standard under federal law for assessing claims of ineffective assistance of counsel, the statement about clear and convincing evidence was apparently in reference to the standard for factual findings in Tennessee post conviction proceedings. See Cuttle v. State, 2004 WL 2191043 *7 (Tenn. Crim. App. 2004)(explaining petitioner bears burden of proving allegations in petition by clear and convincing evidence but that ineffective assistance of counsel claims are reviewed de novo with a presumption of correctness given to the facts).

9

The Tennessee Court of Criminal Appeals analyzed Petitioner's ineffective assistance of counsel claim under both Strickland v. Washington, 466 U.S. 688 (1984) and Hill v. Lockhart, 474 U.S. 52 (1985) writing:

> Under Strickland v. Washington, 466 U.S. at 687, the petitioner must establish (1) deficient representation and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Hughes, 2004 WL 1056389 at *5 (citation omitted).

The court then found that "[t]he record does not preponderate against the finding that trial counsel was effective." Id. at *6 (emphasis added). In its concluding remarks on the ineffective assistance of counsel claim, the court wrote: "After de novo review, we conclude that the evidence in the record does not preponderate against the trial court's decision that trial counsel was effective." Id. (emphasis added). Hence, it would appear that, although stating Petitioner must show by clear and convincing evidence that his attorney failed to properly advise him of the possible consequences of his plea, the Tennessee Court of Criminal Appeals utilized the proper analysis as set forth in Strickland and Hill. See Floyd v. Hanks, 364 F.3d 847, 852 (7th Cir. 2004)(even though state appellate court improperly referenced standard no longer part of the test for ineffective assistance of counsel, habeas relief not available since actual analysis of court indicated it was applying Strickland test).

10

In any event, Petitioner is not entitled to habeas relief. The Magistrate Judge conducted an independent inquiry of the evidence presented to the state courts relating to ineffective assistance of counsel and found that "the disposition of this claim in the state courts was neither contrary to nor an unreasonable application of federal law." (Docket Entry No. 19 at 7-8). Upon de novo review, this Court reaches the same conclusion.

"A federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

> Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.

Id.

In this case, the record before the state court included the testimony of Petitioner's counsel in which he testified he explained to Petitioner that by pleading guilty Petitioner could receive upwards of 275 years in prison. (Docket Entry No. 9, Addendum 4 at 55). That information was conveyed to Petitioner not only orally, but also in writing. (Id.). Moreover, through the Petition to Enter Plea of Guilty which Petitioner signed, Petitioner acknowledged that his "attorney has explained that the Court will consider each count of each indictment or information to which I plead 'GUILTY' as a separate offense, and may order that I serve the sentences for multiple offenses consecutively, that is,

11

one after the other." (Docket Entry No. 22-2 ¶ 7). Crediting counsel's testimony, the state post-conviction court determined that there was no ineffective assistance of counsel relating to Petitioner's sentencing.

Petitioner has presented no clear and convincing reason to reject the state courts' factual findings surrounding his ineffective assistance of counsel claim. Accordingly, his objections on this issue will be overruled.

D. **Validity of Petitioner's Guilty Pleas (Claim 5)**

Petitioner first objects to the Magistrate Judge's recommendation regarding the validity of Petitioner's pleas of guilty because while the Magistrate Judge addressed this claim in the context of consecutive sentences, he did not do so with regard to Petitioner's claim that he was never provided real notice of the true nature of the charges against him. This objection is overruled.

Even though the R & R does not address whether the indictment sufficiently placed Petitioner on notice of the charges against him in the section relating to the validity of his guilty pleas, the issue of whether the indictment was sufficient was addressed by the Magistrate Judge elsewhere in the R & R. In fact, the Magistrate Judge wrote as follows:

> The sufficiency of an indictment will only be actionable in a federal habeas corpus proceeding when it fails to give the defendant adequate notice of the charges against him. Roe v. Baker, 316 F.3d 557, 570 (6th Cir. 2002). An indictment which fairly but imperfectly informs the accused of the offenses for which he is to be tried does not give rise to a constitutional issue. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).

12

> In this case, it is beyond question that the indictment fully informed the petitioner of the charges against him. Consequently, even though the indictment may not have specifically mentioned the element of mens rea, habeas corpus relief is not available to the petitioner on this issue.

(Docket Entry No. 19 at 6). Because Petitioner was adequately apprized of the charges against him, he cannot show, as he must to prevail in an ineffective assistance claim, that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Finally, because Petitioner claims he signed the Acknowledgment at a time when he was under the mistaken impression that his sentences would run concurrently because of his counsel's ineffectiveness, he objects to the Magistrate Judge's conclusion that his pleas were knowing and voluntary. As this Court has already found, however, Petitioner has not shown his counsel to be ineffective within the meaning of Strickland and Hill, and, accordingly, the objection will be overruled. (Docket Entry No. 20 at 8).

### III. CONCLUSION

For the foregoing reasons, Petitioner's Objections (Docket Entry No. 20) to the Magistrate Judge's Report and Recommendation (Docket Entry No. 19) will be overruled. The Magistrate Judge's Report and Recommendation (Docket Entry No. 19) will be accepted, Respondent's Motion for Summary Judgment (Docket Entry No. 7) will be granted, and this case will be dismissed with prejudice.

13

Because Petitioner cannot demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong, a Certificate of Appealability will not issue. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE